UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

| | | |
|---|---|---|
| GEORGE H. EDWARDS, JR. | ) | |
| | ) | |
| Petitioner | ) | Civil Action No. 5: 08-301-KSF |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES PAROLE | ) | **MEMORANDUM OPINION** |
| COMMISSION | ) | **AND ORDER** |
| | ) | |
| Respondent | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*

George H. Edwards, Jr., ("Edwards"), a prisoner incarcerated at the Federal Medical Center in Lexington, Kentucky ("FMC-Lexington"), has filed a *pro se* petition for a writ of mandamus to compel the respondent, the United States Parole Commission ("USPC"), to hold a termination hearing pursuant to 18 U.S.C. § 4211(c)(1). [R. 2]  In his petition, Edwards requests immediate release from custody on the ground that his current incarceration, caused by the revocation of his parole based upon new offense conduct, would not have occurred but for the USPC's failure to hold a timely termination hearing before commission of the offense conduct.  The USPC has filed a Response in opposition to the petition [R. 12] and Edwards has filed a Reply in further support [R. 13].  This matter is therefore ripe for decision.

I.   **FACTUAL BACKGROUND**

On July 26, 1985, Edwards was convicted of distributing cocaine in violation of 21 U.S.C. § 841(a)(1) and sentenced to a 15-year term of incarceration to be followed by a 10-year term of special parole.  *United States v. Edwards*, 85-CR-30005, Southern District of Illinois.  Following

1

service of his term of incarceration and a term of regular parole, Edwards's term of special parole was revoked and subsequently reimposed on December 7, 2001.

Following his release to special parole, over the following years Edwards encountered a series of difficulties in complying with the terms of his special parole, occasioned by his refusal to consent to review of his financial records, his arrest for battery of his daughter, and his repeatedly testing positive for illegal narcotics, including marijuana, codeine, morphine, and hydromorphone. Nonetheless, Edwards was continued on supervision with no more than a series of written reprimands.

Edwards indicates that in October 2006, two months before the 5-year anniversary of his release to special parole on December 7, 2006, he made formal request upon USPC to conduct a parole termination hearing pursuant to Section 4211, but was informed no such hearing would be held.

On January 22, 2007, Edwards was arrested by the Federal Bureau of Investigation and charged with extorting a professional athlete in the Saint Louis area. On February 1, 2007, the USPC served a parole violator warrant on the United States Marshal for the Southern District of Illinois because of Edwards's arrest and his repeated failure to comply with the terms of his special parole. *See Edwards v. United States Parole Commission*, 08-CV-236, Eastern District of Kentucky [R. 1 Exh. D]. Edwards entered into a plea agreement on the wire fraud charge arising out of the extortion attempt, and was sentenced on July 6, 2007 to a twelve month and one day term of incarceration to be followed by a four year term of supervised release. *United States v. Edwards*, 07-CR-51, Eastern District of Missouri [R. 39, 46 therein]; *Edwards v. United States*, 08-CV-949, Eastern District of Missouri [R. 1 therein].

The parole violator warrant was executed on December 7, 2007. On March 20, 2008, the USPC held a parole revocation hearing, at which time Edwards's counsel raised a number of objections that Edwards has subsequently asserted in habeas petitions filed in this and other courts. The USPC rejected those contentions, and on April 14, 2008 issued a Notice of Action advising Edwards that his special parole was revoked and that because of his parole violations he would not receive credit for any of the time spent on special parole. The USPC continued his special parole to a presumptive reparole date of November 21, 2009.

On May 27, 2008, Edwards appealed the USPC's decision to the National Appeals Board on numerous grounds, including the USPC's failure to hold a parole termination hearing within 5 years; failure to hold a parole revocation hearing within 90 days; and failure to hold a dispositional review within 180 days. On August 19, 2008, the National Appeals Board issued its decision denying the appeal.

Edwards filed this petition for a writ of mandamus on July 8, 2008. In his petition, Edwards requested (1) an order directing the USPC to hold the hearing required by Section 4211(c)(1)-(2) to consider whether to terminate his special parole; and (2) to invalidate the 34-month sentence imposed upon revocation of his parole on April 14, 2008. [R. 2 at pg. 5]

The Court conducted its preliminary review of Edwards's petition on July 14, 2008. [R. 3] The Court concluded that because USPC retains jurisdiction over a parolee notwithstanding any failure to hold a timely termination hearing under Section 4211(c)(1), *Shewchun v. U.S. Parole Comm'n*, 89 F.3d 835, 1996 WL 301718, *2 n.3 (6th Cir. 1996) (unpublished disposition), its revocation of Edwards's parole based on subsequent misconduct was unquestionably valid. *Morabito v. U.S. Parole Comm'n*, 181 Fed.Appx. 244, 245-46 (3rd Cir. 2006) (unpublished

3

disposition). Edwards's request for an order invalidating the USPC's Notice of Action revoking his parole was therefore both procedurally inappropriate in a mandamus proceeding and substantively meritless. [R. 3 at pgs. 3-4] The Court directed service of summons for the sole purpose of permitting the USPC to address Edwards's alternative request for an Order directing the USPC to hold the required termination hearing. [R. 3 at pg. 3, citing *Benny v. United States Parole Commission*, 295 F.3d 977, 982 (9th Cir. 2002).]

**II.    DISCUSSION**

In its Response, the USPC reiterates that the failure to hold a 5-year termination hearing does not deprive it of jurisdiction over a parolee, [R. 17 at pg.5, *citing Penix v. U.S. Parole Comm'n*, 979 F.2d 386 (5th Cir. 1992)], an issue the Court had already decided in its favor prior to service of summons. [R. 3] The USPC continues by arguing, albeit without citation to any authority, that Edwards is not entitled to a 5-year termination hearing, notwithstanding the mandatory language of Section 4211(c)(1), because both his history of non-compliance with the terms of his special parole and subsequent revocation thereof indicate that Edwards would not be a suitable candidate for termination.

Congress has expressly authorized federal courts to issue common law writs of mandamus under appropriate circumstances:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

28 U.S.C. § 1361. Mandamus relief is only available where the plaintiff has exhausted all other avenues of relief and the defendant owes him a clear, nondiscretionary duty. *Heckler v. Ringer*, 466 U.S. 602, 616 (1984); *Michigan Ass'n of Homes and Services for the Aging, Inc. v. Shalala*, 127 F.3d

496, 503 (6th Cir. 1997).

There is no question that other avenues of relief, such as through a writ of habeas corpus, are not available to compel the USPC to hold the hearing required by law. Indeed, the very same cases cited by the USPC for the proposition that it does not lose jurisdiction by virtue of its failure to hold a timely hearing, also expressly hold that the proper remedy lies in mandamus. *Penix*, 979 F.2d at 389 ("If the Commission fails to provide a hearing to a parolee through neglect or administrative error, the parolee's remedy is a mandamus action to compel a hearing"); *Sacasas v. Rison*, 755 F.2d 1533, 1535-36 (11th Cir. 1985) ("the legislative history and existing case law make clear that the appropriate remedy for non-compliance by the Commission is a mandamus action to compel the required hearing"); *U.S. ex rel. Pullia v. Luther*, 635 F.2d 612, 617 (7th Cir. 1980).

It is also evident that the USPC's duty to hold a hearing in order to continue parole beyond five years is clear and nondiscretionary. The relevant statute provides:

> Five years after each parolee's release on parole, the Commission shall terminate supervision over such parolee unless it is determined, after a hearing conducted in accordance with the procedures prescribed in section 4214(a)(2), that such supervision should not be terminated because there is a likelihood that the parolee will engage in conduct violating any criminal law.

18 U.S.C. § 4211(c)(1). The foregoing provision clearly requires the USPC to affirmatively make a finding, after a hearing conducted in accordance with 18 U.S.C. § 4214(a)(2), that a parolee is likely to commit new criminal conduct as a condition precedent to continuing his parole beyond the 5-year anniversary. While the failure to hold such a hearing before the expiration of the 5-year time period does not deprive the USPC of jurisdiction to hold the hearing and make such a finding, *Shewchun v. U.S. Parole Comm'n*, 89 F.3d 835, 1996 WL 301718, *2 n.3 (6th Cir. 1996), this fact does not obviate the need for doing so.

The USPC's reliance on Edwards's poor conduct record during parole as a basis to excuse the failure to hold a hearing is misplaced. The fact that Edwards committed repeated and significant violations of the terms of his special parole does not permit the conclusion that the USPC was thereby excused from holding a termination hearing based on the fact that Edwards was a poor candidate for early termination. In each of the cases cited by USPC, the parolee - like Edwards - had committed significant violations of the terms of his parole. Nonetheless, this fact does not excuse the USPC's failure to hold a hearing where a federal statute requires, in mandatory and unequivocal terms, that the decision to continue parole must be made in the context of a formal hearing, rather than by administrative fiat. Indeed, another court - fully-familiar with Edwards's conduct during parole - held that the proper method for him to pursue the relief he seeks is through mandamus, even if the likelihood of a favorable decision by USPC is singularly remote. *Edwards v. Outlaw*, 07-157, Eastern District of Arkansas [R. 17 at pgs. 9, 11-12, 12 n.8].

The USPC also appears to argue that its April 14, 2008, determination to revoke Edwards's parole obviated the need for a parole continuation hearing on or before December 6, 2006, on the theory that the same misconduct which resulted in revocation of his parole would inevitably have resulted in a continuation of his parole had a hearing actually been held. At least one court appears to have accepted this kind of argument, at least in *dicta*. *Mitchell v. U.S. Parole Comm'n*, 538 F.3d 948, 952 (8th Cir. 2008).

This argument is both factually and logically flawed. As previously noted, Edwards repeatedly violated the terms of his parole from 2001 to 2006 by refusing to comply with financial disclosure rules, committing an assault, and using illegal narcotics on numerous occasions. Nonetheless, the USPC continued him on parole with only written reprimands, and never initiated

parole revocation proceedings despite having clear grounds for doing so. The USPC's own conduct in Edwards's case indicates that notwithstanding a clear factual basis for imposing some sort of sanction upon a noncompliant parolee, it does not do so in all instances where the circumstances permit it. It is therefore unabashed speculation to suppose that USPC would have reached a decision unfavorable to Edwards had it conducted the required Section 4211 hearing.

Further, the grounds for revoking parole are distinct from the standard utilized to determine whether to continue parole beyond the 5-year mark. Under 18 U.S.C. § 4214(a)-(c), the USPC may revoke parole upon a finding that the parolee has violated the conditions of parole, such as by failing to comply with reporting requirements or other program conditions, or by committing criminal conduct. In contrast, under 18 U.S.C. § 4211(c)(1), the USPC may only continue parole beyond the 5-year period upon a finding that the parolee is likely to commit new criminal conduct *in the future*. While similar factual considerations may come into play in both types of proceedings, the relevant standards are not coterminous, and USPC's attempt to attribute preclusive effect to its revocation proceedings bears the hallmarks of *post-hoc* rationalization. The USPC cannot cure its failure to hold the required Section 4211 continuation hearing by the expedient of holding only a revocation proceeding under Section 4214. Permitting such an approach would commit unnecessary violence to the clear statutory command of Congress.

Accordingly, the Court will direct the USPC to conduct the hearing required by 18 U.S.C. § 4211 within 90 days of the entry of the Judgment in this matter.

**III.   CONCLUSION**

    1.    Edwards's Petition for a Writ of Mandamus [R. 1] is **GRANTED** as follows.

    2.    Respondent United States Parole Commission shall conduct the hearing required by

18 U.S.C. § 4211 with respect to Petitioner Edwards within 90 days of the entry of the Judgment in this matter.

    3.    The Court will enter a Judgment consistent with this Memorandum Opinion and Order.

This 23rd day of February, 2009.



Signed By:
*Karl S. Forester* KSF
United States Senior Judge